**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALDERIAN TECHNOLOGIES LLC, | Case No. 2:26-cv-00 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Alderian Technologies LLC ("Alderian" or "Plaintiff") for its Complaint against OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus" or "Defendant") for patent infringement alleges as follows:

**THE PARTIES**

1.      Alderian is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, Texas 75670.

2.      Defendant OnePlus is a corporation duly organized and existing under the laws of China, with its principal place of business at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong, 518040, China, and may be served pursuant to the provisions of the Hague Convention. OnePlus is a leading manufacturer and seller of smartphones and tablets in the world and in the United States.

3.      On information and belief, OnePlus does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of

infringement, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas. For example, Defendant has authorized sellers and sales representatives that offer and sell products pertinent to this Complaint through the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as: T-Mobile, 5722 Eldorado Parkway, Suite 120, Frisco, Texas 75033, 2831 Eldorado Parkway, Suite 104, Frisco, Texas 75033, 550 S. Preston Road, Suite 40, Prosper, Texas 75078, and 5899 Eastex Freeway, Suite 100, Beaumont, Texas 77706.

**JURISDICTION AND VENUE**

4.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has specific and personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of Texas and has committed and continues to commit acts of patent infringement in the United States, including in the State of Texas, by making, using, offering to sell, and/or selling accused products in the United States and Texas, and/or importing accused products into the United States and Texas. In addition, Defendant conducts its business extensively throughout Texas and derives substantial revenue in Texas, by shipping, distributing, offering for sale, selling, and advertising (including through an interactive web page) its products and/or services in the State of Texas and the Eastern District of Texas. Defendant has purposefully and voluntarily placed in the stream of commerce one or more products and/or services that practice the Asserted Patents (as set forth below) with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. For example, OnePlus advertises its products (including those accused in this Complaint) for

2

purchase on its webpage, accessible from the United States, including Texas, such as at https://www.oneplus.com/store/phone.  Further, https://www.oneplus.com includes a user agreement (https://www.oneplus.com/legal/use-of-cookies) that imposes terms between users and "OnePlus Technology (Shenzhen) Co., Ltd (referred to as we, us or OnePlus)." OnePlus also advertises on its website (for example at https://www.oneplus.com/us/retail; https://www.oneplus.com/us/locations) that certain of its products are available for purchase from at physical retail locations, including T-Mobile (https://www.t-mobile.com/offers/oneplus-phone-deals), Amazon (https://www.amazon.com/OnePlus-Unlocked-Dual-SIM-Charging-Chromatic/dp/B0C22BRGLG)[1], and Best Buy (https://www.bestbuy.com/product/oneplus-nord-n30-5g-128gb-unlocked-chromatic-gray/CZYJW5VVQC/sku/6543735). OnePlus promotes the sale of its products by hosting the OnePlus Partner Program, which provides a commission to members "every time a visitor from your site clicks through to the OnePlus North Americas (US & CA) and made an eligible purchase."[2]

6.      On information and belief, OnePlus products accused in this Complaint are and have been sold in physical T-Mobile retail stores located within the State of Texas and the Eastern District of Texas, for example at 5627 S Broadway Ave, Tyler, TX 75703; 900 E End Blvd N #100b, Marshall, TX 75670; and 3741 Mall Dr., Texarkana, TX 75501.

7.      OnePlus previously admitted to transacting business in this District and consented to jurisdiction in this District , for example in *Altpass LLC v. OnePlus Technology (Shenzhen) Co.,*

---

[1] OnePlus maintains and operates its own storefront on Amazon.com. *See* https://www.amazon.com/stores/page/06748F85-5ADD-429D-97E1-E8BE421AC978?ingress=2&lp_context_asin=B0C22BRGLG&visitId=d9a3628f-accc-4672-be55-b9948300c932&store_ref=bl_ast_dp_brandLogo_sto&ref_=ast_bln.
[2] https://www.oneplus.com/us/affiliate-program?_gl=1*lzozjr*_up*MQ..*_ga*MTc3MTQ3MTMxOS4xNzY3NjU2MjIz*_ga_KS49PH WZ8S*czE3Njc2NTYyMjMkbzEkZzAkdDE3Njc2NTYyMjMkajYwJGwwJGgw.

*Ltd.*, No. 2-20-cv-00105, Dkt. 21 at 1 (E.D. Tex. Oct. 21, 2020) ("OnePlus admits it transacts business within the State of Texas ...").

8.　　In addition, or in the alternative, this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2), because the claims for patent infringement in this action arise under federal patent law, Defendant is not subject to the jurisdiction of the courts of general jurisdiction of any state, and exercising jurisdiction over Defendant is consistent with the United States Constitution.

9.　　Venue is proper in this district as to Defendant, which is organized under the laws of China. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." Defendant makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with this Judicial District, such that this venue is a fair and reasonable one. Further, upon information and belief, the Defendant has admitted or not contested proper venue in this Judicial District in other patent infringement actions.

10.　　Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

11.　　On May 5, 2020, the United States Patent and Trademark Office duly and legally

issued U.S. Patent No. 10,645,387 (the "'387 Patent") entitled "Predictive Quantization Coding Method and Video Compression System." A true and correct copy of the '387 Patent is available at: https://patentimages.storage.googleapis.com/0a/76/4b/4790b52e40849e/US10645387.pdf.

12.     On June 16, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,060,172 (the "'172 Patent") entitled "Methods and Systems for Mixed Spatial Resolution Video Compression." A true and correct copy of the '172 Patent is available at: https://patentimages.storage.googleapis.com/36/db/91/8b9678905bdceb/US9060172.pdf.

13.     Alderian is the sole and exclusive owner of all right, title, and interest in the '387 Patent and the '172 Patent (collectively, the "Patents-in-Suit" or "Asserted Patents") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Alderian also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

14.     Alderian has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287. Alternatively, upon information and belief, no patented articles have ever been produced requiring marking.

## FACTUAL ALLEGATIONS

15.     The Patents-in-Suit generally relate to systems and methods for video encoding using depth information. The technology described in the Patents-in-Suit was developed by Gwan Hoon Park, Tae Wook Kim, and Yoon Jin Lee.

16.     The '387 Patent generally relates to systems and methods for predictive quantization coding and video compression. The technology described in the '387 Patent was

developed by Quingdong Yue, Wenfang Ran, and Wen Li. For example, the technology of the '387 Patent is implemented today by products that contain that contain SoCs, chipsets, and software, which utilize hardware and software encoders that perform predictive quantization coding and block-based depth map coding, including, but not limited to, OnePlus smartphones and tablets, including, but not limited to, the OnePlus 9, OnePlus 9 Pro, OnePlus Nord N200 5G, OnePlus 10 Pro, OnePlus Nord N20 5G, OnePlus 10T 5G, OnePlus Nord N300 5G, OnePlus 11, OnePlus Pad, OnePlus Nord N30 5G, OnePlus Open, OnePlus 12, OnePlus 12R, OnePlus Pad 2, OnePlus 13, OnePlus 13R, OnePlus Pad 3, OnePlus 15, OnePlus 15R, OnePlus Pad Go 2, among other OnePlus products (collectively, the "Accused Products").

17.    The '172 Patent generally relates to systems and methods for encoding a frame of visual data. The technology of the '172 Patent was developed by Walter Paul, Arkady Kopansky, and Hui Cheng. For example, the technology of the '172 Patent is implemented today by products that contain SoCs, chipsets, and software, which utilize hardware and software encoders and decoders that perform mixed spatial resolution video compression, including, but not limited to, OnePlus smartphones and tablets, such as the Accused Products, among other OnePlus products.

18.    OnePlus has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products including, but not limited, infringing computers.

## COUNT I
### (Infringement of the '387 Patent)

19.    Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20.    Alderian has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '387 Patent.

21.    Defendant has and continues to directly infringe the '387 Patent, either literally or

6

under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '387 Patent. Such infringing products include OnePlus smartphones and tablets that contain SoCs, chipsets, and/or software, which utilize hardware and software encoders that perform predictive quantization coding including, but not limited to, the OnePlus Pad equipped with the MediaTek Dimensity 9000 SoC, as well as other hardware and software encoders, among other OnePlus products.

22.    For example, Defendant has and continues to directly infringe at least claim 1 of the '387 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include the OnePlus Pad, among other OnePlus products. The OnePlus Pad is exemplary and representative of how the accused infringing products infringe the '387 Patent.

23.    For example, the OnePlus Pad a quantization coding method, comprising the steps of: (a) dividing a pixel to be processed into a plurality of pixel components, wherein pixels of an image are sequentially taken as the pixel to be processed; (b) obtaining one pixel component to be processed from the plurality of pixel components; (c) obtaining texture direction gradients of the pixel component to be processed; (d) obtaining reference pixels according to the texture direction gradients and positional relationships between the pixel component to be processed and A remaining of the plurality of pixel components; (e) obtaining a prediction residual of the pixel component to be processed according to the reference pixels; (f) repeating steps (b) to (e), and taking each pixel component of the plurality of pixel components and obtaining the prediction residual corresponding thereto, and forming a prediction residual code stream including the prediction residuals of the pixel to be processed of the image; (g) dividing the prediction residual code stream into a plurality of quantization units each including a predetermined number of

prediction residuals divided from the prediction residual code stream; and (h) obtaining first rate distortion optimizations and second rate distortion optimizations corresponding to the plurality of quantization units to obtain a quantization residual code stream(e.g., HEVC and/or other codecs use an inter-/intra-picture prediction with an algorithm that process blocks of data in a region according to neighboring regions/pixels to predict the value of the current pixel).

24.    On information and belief, at least MediaTek's codec components and related software codecs come preinstalled on devices with MediaTek SoCs.

25.    For example, the Accused Products include MediaTek codecs for video encoding and compression.



---

3

https://android.googlesource.com/kernel/common/+/613725436e69f/drivers/media/platform/mtk-vcodec (last accessed on or about May 1, 2026).

```
/**
 * @par Enumeration
 *    VENC_DRV_VIDEO_FORMAT_T
 * @par Description
 *    This is the item used for encode video format
 */
typedef enum __VENC_DRV_VIDEO_FORMAT_T {
        VENC_DRV_VIDEO_FORMAT_NONE,              /* /< Default value (not used) */
        VENC_DRV_VIDEO_FORMAT_MPEG4,             /* /< MPEG4 video format */
        VENC_DRV_VIDEO_FORMAT_MPEG4_1080P,       /* /< MPEG4 video format for 1080p */
        VENC_DRV_VIDEO_FORMAT_MPEG4_SHORT,       /* /< MPEG4_SHORT (H.263 baseline profile) video format */
        VENC_DRV_VIDEO_FORMAT_H263,              /* /< H.263 video format */
        VENC_DRV_VIDEO_FORMAT_H264,              /* /< H.264 video format */
        VENC_DRV_VIDEO_FORMAT_H264_VGA,          /* /< H.264 video format for VGA */
        VENC_DRV_VIDEO_FORMAT_WMV9,              /* /< WMV9 video format */
        VENC_DRV_VIDEO_FORMAT_VC1,               /* /< VC1 video format */
        VENC_DRV_VIDEO_FORMAT_VP8,               /* /< VP8 video format */
        VENC_DRV_VIDEO_FORMAT_JPEG,              /* /< JPEG picture format */
        VENC_DRV_VIDEO_FORMAT_HEVC,              /* /< HEVC video format */
        VENC_DRV_VIDEO_FORMAT_H264SEC,           /* /<: Secure H.264 */
        VENC_DRV_VIDEO_FORMAT_MAX = 0xFFFFFFFF   /* /< Max VENC_DRV_VIDEO_FORMAT_T value */
} VENC_DRV_VIDEO_FORMAT_T;
```
[4]

26.     For example, such as in operation with HEVC and other codecs, MediaTek SoCs can code units in an intra prediction mode.

**8.4.4.2     Intra sample prediction**

**8.4.4.2.1   General intra sample prediction**

Inputs to this process are:

– a sample location ( xTbCmp, yTbCmp ) specifying the top-left sample of the current transform block relative to the top-left sample of the current picture,

– a variable predModeIntra specifying the intra prediction mode,

– a variable nTbS specifying the transform block size,

– a variable cIdx specifying the colour component of the current block.

Outputs of this process are the predicted samples predSamples[ x ][ y ], with x, y = 0..nTbS − 1. [5]

27.     By way of further example, H.265 V11 can recognize supplemental encoder-optimization information that can include quantization-related information.

---

[4] *See, e.g.*, https://android.googlesource.com/kernel/mediatek/%2B/android-mtk-3.18/drivers/misc/mediatek/videocodec/include/venc_drv_if_public.h, at lines 59-80 (last accessed on or about May 1, 2026).

[5] *See* Int'l Telecomm. Union, Recommendation ITU-T H.265, *High Efficiency Video Coding* § 8.4, at 135 (Version 8, Aug. 2021), available at: https://e2e.ti.com/cfs-file/__key/communityserver-discussions-components-files/791/T_2D00_REC_2D00_H.265_2D00_202108_2D00_S_21002100_PDF_2D00_E.pdf; *see also Id.* at 126-142.

> **D.4.5    Use of the encoder optimization information SEI messages**
>
> For purposes of interpretation of the encoder optimization information SEI message, the following variables are derived separately for each picture to which the encoder optimization information SEI message applies as follows:
>
> – CroppedWidth is set equal to pic_width_in_luma_samples − SubWidthC * ( conf_win_left_offset + conf_win_right_offset ).
>
> – CroppedHeight is set equal to pic_height_in_luma_samples − SubHeightC * ( conf_win_top_offset + conf_win_bottom_offset ).
>
> – PicQuant is set equal to 26 + init_qp_minus26 + slice_qp_delta of the first slice segment of the picture.
>
> When eoi_pic_quant_object_flag is equal to 1 and eoi_quant_threshold_delta is greater than 0, ( PicQuant + eoi_quant_threshold_delta ) shall be less than or equal to 51. When eoi_pic_quant_object_flag is equal to 0 and eoi_quant_threshold_delta is greater than 0, ( PicQuant − eoi_quant_threshold_delta ) shall be greater than or equal to −QpBdOffset. [6]

28.    On information and belief, Defendant's direct infringement of the '387 Patent includes, but is not limited to, testing, development, troubleshooting, and other use in the United States. Defendant also uses the Accused Products at tradeshows in the United States to promote the sale of the Accused Products.

29.    Defendant has and continues to indirectly infringe one or more claims of the '387 Patent by knowingly and intentionally inducing others, including OnePlus customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

30.    Defendant, with knowledge[7] that these products, or the use thereof, infringe the '387 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '387 Patent by providing these products to end users for use in an infringing manner. Alternatively, on

---

[6] *See* Int'l Telecomm. Union, Recommendation ITU-T H.265, *High Efficiency Video Coding*, at 424 (Version 11, Jan. 2026), available at: https://www.itu.int/rec/T-REC-H.265-202601-I.
[7] OPPO Guangdong Mobile Communications Co., Ltd. cited to the '387 Patent family in connection with its foreign patent Application No. CN202280097081.4A, which was filed on July 7, 2022, and was published on January 21, 2025. *See* https://patents.google.com/patent/US10645387B1/en?oq=10%2c645%2c387+#citedBy.

information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subject belief that there was a high probability that Defendant would learn of their infringing activities, thereby remaining willfully blind to the '387 Patent at least as early as the issuance of the '387 Patent.

31.    Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '387 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications. For example, OnePlus makes available to its customers and end-users various materials that instruct them on how to use OnePlus products in an infringing manner based on the product, such as user manuals.



32.     On information and belief, these instructional materials are prepared by Defendant or at the direction of Defendant. Because of Defendant's inducement, Defendant's customers and end-users use the Accused Products in a way Defendant intends and directly infringe the '387 Patent. Defendant performs these affirmative acts with knowledge of the '387 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '387 Patent.

33.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '387 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such

---

[8] https://service.oneplus.com/us/user-manual#/.

that the '387 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '387 Patent, including at least video encoders, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '387 Patent. Defendant performs these affirmative acts with knowledge of the '387 Patent and with intent, or willful blindness, that they cause the direct infringement of the '387 Patent.

34.    Alderian has suffered damages as a result of Defendant's direct and indirect infringement of the '387 Patent in an amount to be proven at trial.

35.    Alderian has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '387 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

**COUNT II**
**(Infringement of the '172 Patent)**

36.    Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

37.    Alderian has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '172 Patent.

38.    Defendant has and continues to directly infringe the '172 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '172 Patent. Such infringing products include OnePlus smartphones and tablets that contain SoCs, chipsets, and/or software, which utilize hardware and software encoders and decoders that perform mixed spatial resolution video compression, including, but not limited to, the OnePlus Pad equipped with the MediaTek Dimensity 9000 SoC, as well as other hardware and software encoders and decoders, among other

13

OnePlus products.

39.     For example, Defendant has and continues to directly infringe at least claim 1 of the '172 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include the OnePlus Pad, among other OnePlus products. The OnePlus Pad is exemplary and representative of how the accused infringing products infringe the '172 Patent.

40.     For example, the OnePlus Pad performs a computer implemented method of video compression, the method comprising the steps of: generating a reconstructed full resolution frame and coded data corresponding to the reconstructed full resolution frame from an original full resolution frame; generating an upsampled reconstructed reduced spatial resolution frame and coded data corresponding to the upsampled reconstructed reduced spatial resolution frame from the original full resolution frame; determining a first deviation by comparing at least one characteristic in the reconstructed full resolution frame with said at least one characteristic in the original full resolution frame; determining a second deviation by comparing said at least one characteristic in the upsampled reconstructed reduced spatial reduced resolution frame with said at least one characteristic in the original full resolution frame; and outputting the coded data corresponding to the reconstructed full resolution frame when the first deviation is less than the second deviation; otherwise outputting the coded data corresponding to the upsampled reconstructed reduced spatial reduced resolution frame.

41.     On information and belief, at least MediaTek's codec components and related software codecs come preinstalled on devices with MediaTek SoCs.

42.     For example, the Accused Products include MediaTek codecs for video encoding and compression.

14



43.    For example, such as in operation with HEVC and other codecs, MediaTek SoCs

9

https://android.googlesource.com/kernel/common/+/613725436e69f/drivers/media/platform/mtk-vcodec (last accessed on or about May 1, 2026).

10 *See, e.g.*, https://android.googlesource.com/kernel/mediatek/%2B/android-mtk-3.18/drivers/misc/mediatek/videocodec/include/venc_drv_if_public.h, at lines 59-80 (last accessed on or about May 1, 2026).

can code units in an intra prediction mode.[11] By way of further example, H.265 V11 can recognize supplemental encoder-optimization information that can include quantization-related information.

> **D.4.5    Use of the encoder optimization information SEI messages**
>
> For purposes of interpretation of the encoder optimization information SEI message, the following variables are derived separately for each picture to which the encoder optimization information SEI message applies as follows:
>
> –    CroppedWidth  is  set  equal  to  pic_width_in_luma_samples − SubWidthC * ( conf_win_left_offset + conf_win_right_offset ).
>
> –    CroppedHeight  is  set  equal  to  pic_height_in_luma_samples − SubHeightC * ( conf_win_top_offset + conf_win_bottom_offset ).
>
> –    PicQuant is set equal to 26 + init_qp_minus26 + slice_qp_delta of the first slice segment of the picture.
>
> When  eoi_pic_quant_object_flag  is  equal  to  1  and  eoi_quant_threshold_delta  is  greater  than  0, ( PicQuant + eoi_quant_threshold_delta ) shall be less than or equal to 51. When eoi_pic_quant_object_flag is equal to 0 and eoi_quant_threshold_delta is greater than 0, ( PicQuant − eoi_quant_threshold_delta ) shall be greater than or equal to −QpBdOffset. [12]

44.    On information and belief, Defendant's direct infringement of the '172 Patent includes, but is not limited to, testing, development, troubleshooting, and other use in the United States. Defendant also uses the Accused Products at tradeshows in the United States to promote the sale of the Accused Products.

45.    Defendant has and continues to indirectly infringe one or more claims of the '172 Patent by knowingly and intentionally inducing others, including OnePlus customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

46.    Defendant, with knowledge that these products, or the use thereof, infringe the '172 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues

---

[11] *See, e.g.,* Int'l Telecomm. Union, Recommendation ITU-T H.265, *High Efficiency Video Coding*, at 126-142. (Version 8, Aug. 2021), available at: https://e2e.ti.com/cfs-file/__key/communityserver-discussions-components-files/791/T_2D00_REC_2D00_H.265_2D00_202108_2D00_S_21002100_PDF_2D00_E.pdf.

[12] *See* Int'l Telecomm. Union, Recommendation ITU-T H.265, *High Efficiency Video Coding*, at 424 (Version 11, Jan. 2026), available at: https://www.itu.int/rec/T-REC-H.265-202601-I.

to knowingly and intentionally induce, direct infringement of the '172 Patent by providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subject belief that there was a high probability that Defendant would learn of their infringing activities, thereby remaining willfully blind to the '172 Patent at least as early as the issuance of the '172 Patent.

47.    Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '172 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications. For example, OnePlus makes available to its customers and end-users various materials that instruct them on how to use OnePlus products in an infringing manner based on the product, such as user manuals.



48.     On information and belief, these instructional materials are prepared by Defendant or at the direction of Defendant. Because of Defendant's inducement, Defendant's customers and end-users use the Accused Products in a way Defendant intends and directly infringe the '172 Patent. Defendant performs these affirmative acts with knowledge of the '172 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '172 Patent.

49.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '172 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such

---

[13] https://service.oneplus.com/us/user-manual#/.

that the '172 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '172 Patent, including at least video encoders and decoders, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '172 Patent. Defendant performs these affirmative acts with knowledge of the '172 Patent and with intent, or willful blindness, that they cause the direct infringement of the '172 Patent.

50.     Alderian has suffered damages as a result of Defendant's direct and indirect infringement of the '172 Patent in an amount to be proven at trial.

51.     Alderian has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '172 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Alderian prays for relief against Defendant as follows:

a.     Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.     An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c.     An order awarding damages sufficient to compensate Plaintiff for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

19

d.    Entry of judgment declaring that this case is exceptional and awarding Plaintiff its

costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.    Such other and further relief as the Court deems just and proper.

Dated: May 26, 2026                              Respectfully submitted,

_/s/ John Andrew Rubino_____
John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
1200 Harbor Blvd., 10th Floor
Weehawken Township, NJ 07086
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

***ATTORNEYS FOR PLAINTIFF,
ALDERIAN TECHNOLOGIES LLC***

20